UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC CLERK, CHARLESTON, SC

2006 NOV 13  A 10: 54

| | |
|---|---|
| James T. Hendrix, #162183, | ) C/A No. 2:06-2645-RBH-RSC |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Report and Recommendation |
| | ) |
| State of South Carolina; | ) |
| Henry McMaster, Attorney General of the | ) |
| State of South Carolina; and | ) |
| Warden, Broad River Correctional Institution, | ) |
| | ) |
| Respondents. | |

Petitioner has filed this matter pursuant to 28 U.S.C. § 2254. He is serving a life sentence,

four (4) 10 year sentences, and two (2) 25 year sentences, the latter six sentences to be served

concurrent to the life sentence, after pleading guilty to assault and battery with intent to kill, two

counts of grand larceny of a vehicle, failure to stop for a police vehicle, burglary in the first degree,

and two counts of armed robbery. He did not file a direct appeal.

Petitioner alleges he filed an application for post-conviction (PCR) relief on October 24,

1995. According to the petition the PCR was dismissed on July 26, 1998. Petitioner apparently filed

another PCR on June 29, 2001, which he alleges was dismissed on June 30, 2003 as successive. A

third PCR was filed by the petitioner on August 26, 2005, but was dismissed as time-barred and

successive on July 6, 2006. Petitioner appealed the denial of each PCR application to the Supreme

Court of South Carolina without success.[1] This petition for writ of habeas corpus followed.

Under established local procedure in this judicial district, a careful review has been made of

---

[1]

According to an exhibit attached to the petition, the petitioner's appeal to the State Supreme
Court from the denial of his first application for post-conviction relief was handed down in 2000.

the *pro se* petition pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996. The review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 60 U.S.L.W. 4346, 118 L.Ed.2d 340, 112 S.Ct. 1728, (1992); Neitzke v. Williams, 490 U.S. 319, 324-325, (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, (1995); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979). This court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See* Hughes v. Rowe, 449 U.S. 5, 9 (1980); and Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the plaintiff's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975). However, even under this less stringent standard, the petition submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Services, 901 F.2d 387, (4th Cir. 1990).

The time in which a state prisoner may seek relief from a state court conviction through a petition for writ of habeas corpus is determined by Congress: "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgement of a State court." 28 U.S.C.A. § 2244(d)(1). There are four time periods from which the one-year period can begin to run. The time period is calculated from the latest of:

(1) the date on which the judgement became final by the conclusion of direct review

or the expiration of the time for seeking such review;

(2) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(3) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. §2244(d)(1).

Consequently, the earliest the one-year period would begin to run is when direct review of the state conviction is through or when the time to seek direct review has elapsed. 28 U.S.C.A. § 2244(d)(1)(A). If no petition for review is filed with the Supreme Court of the United States, the limitations period begins to run again when the time for filing a petition for review with the United States Supreme Court would expire - ninety (90) days. *See* Harris v. Hutchinson, 209 F. 3d 325, 328 n.1 (4th Cir. 2000).

The time period can be tolled, however, for "[t]he time during which a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending" 28 U.S.C.A. § 2244(d)(2). The one-year period may also be equitably tolled in rare circumstances. *See* Harris, 209 F.3d @ 330.

In the instant case, petitioner is clearing barred by the statute of limitations. While it is true that the one-year period set out in 28 U.S.C.A. § 2244(d) is usually an affirmative defense that the State bears the burden of asserting,[2] a federal court may raise the defense *sua sponte* if "it is indisputably clear from the materials presented to the [D]istrict [C]ourt that the petition is untimely

---

[2] *See* Acosta v. Artuz, 221 F.3d 117, 121-22 (2nd Cir. 2000); Kiser v. Johnson, 163 F.3d 326, 328 & n.4 (5th Cir. 1999).

...". *See* <u>Hill v. Braxton</u>, 277 F.3d 701 (4th Cir. 2002). In this case, the petitioner is seeking to file his petition for writ of habeas corpus seventeen (17) years after his conviction and sentence became final.

## **RECOMMENDATION**

Accordingly, it is recommended that the § 2254 petition in the above-captioned case be dismissed *without prejudice* and without requiring the respondents to file a return. *See* <u>Allen v. Perini</u>, 424 F.2d 134, 141 (6th Cir. 1970)(federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return), *cert. denied*, 400 U.S. 906 (1970); <u>Baker v. Marshall</u>, 1995 WL 150451(N.D.Cal., March 31, 1995)("The District Court may enter an order for the summary dismissal of a habeas petition if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in this Court."); and the Anti-Terrorism and Effective Death Penalty Act of 1996.

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina
November *13* 2006.

***The petitioner's attention is directed to the important notice on the next page.***

# Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
## &
# The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied,* Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied,* 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections. *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402
