UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| JAMES T. HENDRIX, | ) | Civil Action No.: 2:06-cv-2645-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| STATE OF SOUTH CAROLINA; | ) | |
| HENRY MCMASTER, Attorney | ) | |
| General; WARDEN, BROAD | ) | |
| RIVER CORRECTIONAL | ) | |
| INSTITUTION; | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

This matter is before the court with the Report and Recommendation [Docket Entry #6] of Magistrate Judge Robert S. Carr filed on November 13, 2006.[1]

Petitioner, proceeding *pro se*, commenced this action under 28 U.S.C. § 2254 on September 26, 2006. The Magistrate Judge recommended that Petitioner's petition be dismissed without prejudice and without requiring Respondents to file a return because the instant petition was clearly barred by the applicable statute of limitations. 28 U.S.C. § 2244(d). Petitioner timely filed objections to the Magistrate Judge's Report and Recommendation on November 27, 2006.

**Standard of Review**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a *de*

---

[1] This matter was referred to Magistrate Judge Carr pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rules 73.02(B)(2)(c) and (e).

*novo* determination of those portions of the report and recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id*. However, the district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson*, 687 F.2d 44, 47-48 (4th Cir. 1982).

### Discussion

The Magistrate Judge concluded that Petitioner's § 2254 petition was clearly barred by the statute of limitations because Petitioner filed this § 2254 petition seventeen (17) years after his conviction and sentence became final.

The applicable time frame for filing a petition for writ of habeas corpus is set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d), which provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Ground One

Ground One of Petitioner's petition challenges the state post-conviction relief Judge's dismissal of Petitioner's 2001 PCR action, Case No.: 2001-CP-40-2705. Petitioner's 2001 PCR action was brought after Petitioner received a letter dated December 14, 2000, which indicated that he was not eligible for parole.[2] Petitioner claimed this rendered his guilty plea involuntary because he had been informed that he would be eligible for parole when he pled guilty. Petitioner had a previous parole hearing in 1998.

An evidentiary hearing was held on April 30, 2003, regarding the issue of Petitioner's parole eligibility. Following the hearing, the state PCR Judge learned that the Petitioner was in fact eligible for parole and that the Department of Probation, Parole and Pardon Services ("DPPPS") had made a mistake concerning Petitioner's parole eligibility. This fact is further evidenced by a June 11, 2003 letter to Petitioner from DPPPS that indicated that Petitioner was eligible for parole and that the previous December 14, 2000 letter was incorrect.

---

[2] Petitioner's parole eligibility was the only issue in the 2001 PCR action that survived the State's motion to dismiss as successive and for failure to file within the applicable statute of limitations.

3

In the current habeas petition, Petitioner argues that he was denied due process in his 2001 PCR action because the state PCR Judge admitted the June 11, 2003 letter into evidence after the hearing was concluded depriving Petitioner the opportunity to respond to the letter. It is not clear from the state PCR Judge's Order dismissing the 2001 PCR action whether the June 11, 2003, letter was actually admitted into evidence. However, the PCR Judge did state in his Order that "[u]pon further investigation, it appears that the December 14, 2000 letter from the Department of Probation, Parole and Pardon Services was incorrect." [Order of Dismissal, at pg. 3, Case No.: 2001-CP-40-2705].

To some extent Petitioner's claims challenging the PCR Judge's consideration of the June 11, 2003 letter are illogical because the letter inures to Petitioner's benefit and seems to remedy the mistake that gave rise to Petitioner's 2001 PCR action in the first place. Upon closer examination, however, it appears that the Petitioner, who is currently serving a life sentence, was attempting to use the December 14, 2000 letter, which informed him he was not parole eligible, as a basis to receive a "number" sentence rather than a life sentence. Petitioner argues that the State and DPPPS submitted the June 11, 2003 letter for the sole purpose of ending any chance of Petitioner receiving a number sentence by reinstating parole eligibility which they did not intend to grant. Petitioner's argument is frivolous and Ground One of Petitioner's petition is due to be dismissed for failure to state a claim upon which relief may be granted.

"A federal court 'shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court <u>only</u> on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" *Wright v.*

4

*Angelone*, 151 F.3d 151, 159 (4th Cir. 1998) (citing 28 U.S.C. § 2254(a)) (emphasis added). In *Wright v. Angelone*, the petitioner brought a federal habeas corpus case under 28 U.S.C § 2254 challenging his Virginia state habeas corpus proceedings.  The Fourth Circuit agreed with the district court that petitioner's claim, a challenge to Virginia's state habeas corpus proceedings, could not provide a basis for federal habeas relief because the petitioner was not in custody as a result of the resolution of the state habeas action. *Wright*, 151 F.3d at 159. Like the petitioner in *Wright*, the Petitioner in this case is not currently detained as a result of the resolution of the 2001 PCR action.  Therefore, any challenge related to the dismissal of the 2001 PCR action is not cognizable in a federal habeas corpus action brought under 28 U.S.C. § 2254.

Petitioner was sentenced to life imprisonment after pleading guilty and was informed at the time he pled guilty that he would be eligible for parole after serving 10 years.  Petitioner's status is the same as it was when he pled guilty and was sentenced.  If Petitioner desired to challenge his life sentence, he could have done so by either direct appeal or other post conviction collateral review 17 years ago when his conviction and sentence became final.  To the extent Petitioner challenges the duration of his sentence, Petitioner's claim is clearly barred by the 1 year statute of limitations.

Additionally, whether Petitioner will be granted parole in the future is far too speculative to warrant consideration in this habeas corpus proceeding.  The decision to grant or deny parole is within the discretion of the DPPPS and their decision is generally not subject to habeas corpus review unless certain circumstances are present. *See e.g.* 39 C.J.S. *Habeas Corpus* § 183.

Grounds Two, Three & Four

Grounds Two, Three and Four of Petitioner's § 2254 petition are clearly barred by the 1 year statute of limitations contained in 28 U.S.C. § 2244(d). Ground Two alleges the trial court lacked subject matter jurisdiction due to a defective indictment. Ground Three alleges that the state violated the 25 year plea cap bargain agreement. In Ground Four Petitioner alleges that his sentence violates a South Carolina statutory provision that provides for a 30 year maximum for a guilty plea to the charge of first degree burglary. Each Ground could have been raised 17 years ago when Petitioner's conviction and sentence became final.

Petitioner argues in his objections that the statute of limitations should be equitably tolled in this case. However, Petitioner does not set forth any factual basis for equitable tolling of the statute of limitations.

Equitable tolling under 28 U.S.C. § 2244(d) is disfavored and "must be reserved for those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). Petitioner has pointed to no extraordinary circumstances beyond his control that prevented him from complying with the statutory time limit for filing the instant habeas corpus petition. *See Harris*, 209 F.3d at 330. The facts and circumstances of this case do not warrant equitable tolling of the statute of limitations. Consequently, Grounds Two, Three and Four of Petitioner's § 2254 petition are barred by the statute of limitations and must be dismissed.[3]

---

[3] Summary dismissal of Grounds Two, Three and Four on the basis of an affirmative defense is appropriate in this case because the Petitioner has had the opportunity to respond to the prospect of dismissal on the basis of the statute of limitations. *See Anderson v. XYZ Correctional Health Servs., Inc.* 407 F.3d 674, 682 (4th Cir.

## Conclusion

For the reasons stated above and by the Magistrate Judge, the court overrules

Petitioner's objections and adopts and incorporates by reference the Report and

Recommendation of the Magistrate Judge as modified by this Order.  Accordingly, Petitioner's

§ 2254 petition is **DISMISSED without prejudice** and without requiring Respondents to file a

return.

      **IT IS SO ORDERED**.


July 30, 2007                                                            s/ R. Bryan Harwell
Florence, South Carolina                                    R. Bryan Harwell
                                               United States District Judge

---

2005).